# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3434 | **DATE** | March 6, 2012 |
| **CASE TITLE** | Phillips v. Ryker | | |

**DOCKET ENTRY TEXT:**

The petition for a writ of habeas corpus is denied. A certificate of appealability as to all claims is denied.

## STATEMENT

Introduction

Petitioner Jesse Phillips is incarcerated at the Lawrence Correctional Center in Sumner, Illinois, where he is serving a 25-year sentence for unlawful delivery of a controlled substance. At Petitioner's December 8, 2004, sentencing hearing, the trial court judge made some questionable comments suggesting that the 25-year sentence was based in part on Petitioner's decision to exercise his right to trial, and also the fact that Petitioner raised his hand several times during the sentencing hearing in an attempt to speak, which the trial court judge apparently found disruptive.

Petitioner appealed his sentence, arguing that the trial judge abused her discretion in punishing him for exercising his trial right and raising his hand during the sentencing hearing. The Third District Appellate Court of Illinois agreed with Petitioner, vacated his sentence, and remanded for the trial court to conduct a new sentencing free of improper considerations. (The appellate court also ordered the trial court to hold a hearing on Petitioner's ineffective assistance of counsel claim. That issue is not before this court).

On September 13, 2007, the trial court conducted a new sentencing hearing in which the trial court judge denied that Petitioner's choice to go to trial or his attempts to speak at his sentencing hearing weighed into her initial sentencing considerations (under Illinois law, Petitioner was eligible for a sentence of up to 30 years.). The 25-year sentence was reimposed and Petitioner again appealed to the Third District Appellate Court on the grounds that the trial court essentially ignored the appellate court's previous mandate. On May 9, 2009, the appellate court upheld the 25-year sentence, concluding that the trial court judge had satisfactorily clarified her earlier remarks and did not abuse her discretion in reimposing the 25-year sentence. Petitioner timely filed a Petition for Leave to Appeal to the Supreme Court of Illinois, which was denied on

**STATEMENT**

September 30, 2009. (Petitioner then unsuccessfully sought postconviction relief on an ineffective assistance of counsel claim).

Petitioner filed the instant habeas petition on June 1, 2010. He lists three grounds on which he believes he is entitled to federal habeas relief, but they really amount to one claim–that the state appellate court, in its May 9, 2009 opinion, did not adequately address his claim that, in reimposing the 25-year sentence, the trial judge was still punishing him for raising his hand several times at the original December 8, 2004, sentencing hearing.

Analysis

Petitioner has failed to state a claim upon which federal habeas relief can be granted because he does not specify how the appellate court's failure to address his hand-raising argument in any way implicates the Constitution or laws of the United States. To the extent that he is raising an Eighth Amendment claim, it is unexhausted (and most likely procedurally defaulted) because it was not presented through "one complete round of the State's established appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). While his PLA raises an Eighth Amendment issue, he did not raise any constitutional claims in his direct appeal to the Third District following his resentencing. Nevertheless, in the interest of finality I will reach the merits of his claim. 28 U.S.C. § 2254(b)(2). The state appellate court's decision upholding his 25-year to life sentence was not contrary to, or an unreasonable application of, clearly established federal law–the relevant law here being the Supreme Court's "gross disproportionality" principle. Defendant became eligible for Class X sentencing because of his criminal history, and the Supreme Court has upheld 25-year to life sentences for recidivists convicted of less serious offenses than selling drugs. *See Lockyer v. Andrade*, 538 U.S. 63 (2003); *Ewing v. California*, 538 U.S. 11 (2003). If, on the other hand, Petitioner means to raise a Fourteenth Amendment due process argument based on the trial judge's consideration of improper factors this is also unexhausted. But here too, the claim fails on the merits. In upholding the reimposition of the 25-year sentence, the state appellate court made a judicial determination that the trial judge did not allow improper considerations to factor into her decision. I am required to presume this determination is correct unless the Petitioner can rebut it by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). He has not done so.

Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. Because I do not believe that "jurists of reason" could find my ruling that Petitioner did not properly preserve his claims on direct appeal to be "debatable," I am denying a certificate of appealability as to all claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).